UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEVIN FULLER, on behalf of
himself and on behalf of all
others similarly situated,

    Plaintiff,

v.                                  CASE NO.:

ACADEMY BUS LLC,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KEVIN FULLER ("Plaintiff"), by and through undersigned counsel, on behalf of himself and on behalf of all others similarly situated, brings this action against Defendant, ACADEMY BUS LLC ("Defendant"), and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3). This Complaint is filed as a collective action under 29 U.S.C. § 216(b).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Orange County, Florida.

## PARTIES

4. Plaintiff is a resident of Polk County, Florida.

5. Defendant operates a charter bus company headquartered in Hudson County, New Jersey. Plaintiff worked for Defendant in Orange County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Named Plaintiff was employed by Defendant as a Bus Driver. Named Plaintiff worked almost exclusively on Disney World property in Orange County, Florida.

10. The putative class of similarly situated employees consists of all other Bus Drivers employed by Defendant who worked in the same territory as Plaintiff within the last three years. These similarly situated persons will be referred to as "Members of the Class" or "the Class."

11. At all times material hereto, Plaintiff and Members of the Class were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

12. At all times material hereto, Plaintiff and Members of the Class were "employees" of Defendant within the meaning of the FLSA.

13. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

14. Defendant continues to be an "employer" within the meaning of the FLSA.

15. At all times material hereto, Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

16. At all times relevant to this action, Defendant engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

17. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

18. At all times material hereto, the work performed by Plaintiff and Members of the Class was directly essential to the business performed by Defendant.

## FACTS

19. Plaintiff KEVIN FULLER began working for Defendant as a Bus Driver in October 2022, and he continues to work in this capacity.

20. As part of Plaintiff's and the Members of the Class's job duties, they were not expected to leave Disney World property except on very rare occasions. Even when the drivers were required to leave Disney World Property, they were never required or asked to leave the State of Florida.

21. As such, Plaintiff and the Class are not reasonably expected to do any interstate driving and are therefore not exempted from the FLSA's overtime provisions by the Motor Carriers exemption.

22. At various times material hereto, Plaintiff and the Class worked hours in excess of forty (40) hours within a work week for Defendant, and they were entitled to be compensated for these overtime hours at a rate equal to one and one-half times their individual regular hourly rates.

23. Plaintiff regularly works at least fifty-four (54) hours per week. The Members of the Class work similar amounts of hours.

24. Defendant failed to pay Plaintiff and Members of the Class an overtime premium for all of the overtime hours that they worked, in violation of the FLSA.

25. Defendant pays Plaintiff and the Members of the Class at their straight hourly rate for all overtime hours rather than the overtime premium required by the FLSA.

26. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and Members of the Class, Defendant has failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, including Defendant's employment practices, in violation of the FLSA, 29 U.S.C. § 201 et seq.

27. Defendant's actions were willful and showed reckless disregard for the provisions of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendant (the "Class") pursuant to 29 U.S.C. § 216(b). The Class is composed of Bus Drivers whom Defendant failed to compensate for all overtime hours worked in accordance with the FLSA.

29. Therefore, Notice is properly sent to: "All Bus Drivers whom Defendant failed to compensate for all of the overtime hours that they worked from March 2020 to the present."

30. The total number and identities of the Class members may be determined from the records of Defendant, and the Class may easily and quickly be notified of the pendency of this action.

31. Plaintiff is similar to the Class because he and the Class have been unlawfully denied full payment of their overtime wages as mandated by the FLSA.

32. Plaintiff's experience with Defendant's payroll practices is typical of the experiences of the Class.

33. Defendant's failure to pay all overtime wages due at the rates required by the personal circumstances of the named Plaintiff or of the Class is common to the Class.

34. Overall, Plaintiff's experience as a Bus Driver who worked for Defendant is typical of that of the Class.

35. Specific job titles or job duties of the Class do not prevent collective treatment.

36. Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendant's liability under the FLSA in this case.

### COUNT I – FLSA OVERTIME VIOLATIONS

37. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 36 of this Complaint, as fully set forth herein. Plaintiff brings this

action on behalf of himself and all other similarly situated employees in accordance with 29 U.S.C. § 216(b). Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

38. During the statutory period, Plaintiff and the Class worked overtime hours while employed by Defendant, and they were not properly compensated for all of these hours under the FLSA.

39. Defendant failed to compensate Plaintiff and the Class for all of the overtime hours that Plaintiff and the Class worked.

40. The Members of the Class are similarly situated because they were all employed as Bus Drivers by Defendant, were compensated in the same manner, and were all subject to Defendant's common policy and practice of failing to pay its Bus Drivers for all of the overtime hours that they worked in accordance with the FLSA.

41. This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1). As a result, Plaintiff and the Members of the Class who have opted into this action are each entitled to an amount equal to their unpaid overtime wages as liquidated damages.

42. All of the foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

43. As a result of the foregoing, Plaintiff and the Class have suffered damages.

**WHEREFORE**, Plaintiff and all similarly situated employees who join this collective action demand:

(a) Designation of this action as a collective action on behalf of the Plaintiff and the prospective Class that he seeks to represent, in accordance with the FLSA;

(b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c) Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e) Judgment against Defendant for an amount equal to the unpaid overtime wages of Plaintiff and of opt-in Members of the Class at the applicable overtime rate;

(f) A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g) Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiff and of opt-in Members of the Class at the applicable overtime rate as liquidated damages;

(h) Judgment against Defendant, stating that its violations of the FLSA were willful;

(i) To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 22nd day of June, 2023.

                                                            Respectfully submitted,

                                                            */s/ Amanda E. Heystek*
                                                            **AMANDA E. HEYSTEK**
                                                            Florida Bar No.: 0285020
                                                           **Wenzel Fenton Cabassa P.A.**
                                                           1110 N. Florida Avenue
                                                           Suite 300
                                                           Tampa, Florida 33602
                                                           Main No.: 813-224-0431
                                                           Direct No.: 813-379-2560
                                                           Facsimile No.: 813-229-8712
                                                           Email: aheystek@wfclaw.com
                                                           Email: rcooke@wfclaw.com
                                                           **Attorneys for Plaintiff**