UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KEVIN FULLER,**

    **Plaintiff,**

v.                                    Case No.: 6:23-cv-01168-WWB-EJK

**ACADEMY BUS LLC,**

    **Defendant.**
_____/

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT
AND DISMISSAL OF ACTION WITH PREJUDICE**

Plaintiff, Kevin Fuller ("Plaintiff"), and Defendant, Academy Bus LLC ("Defendant") (collectively, the "Parties"), jointly move the Court to approve the settlement reached in this matter and dismiss this action with prejudice. In support of this Motion, the Parties state:

**BACKGROUND**

On June 23, 2023, Plaintiff filed a Complaint against Defendant, alleging a claim for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). (Doc. 1.) Specifically, Plaintiff, a former Shuttle Driver for Defendant, alleges that he regularly worked at least fifty-four (54) hours per week, but was never paid overtime. (*Id.* at ¶¶ 19, 23–25.) According to Plaintiff, he was not reasonably expected to drive on interstates and was therefore not exempted from

the FLSA overtime provisions by the Motor Carrier exemption. (*Id.* at ¶ 21.)

Defendant adamantly disputes Plaintiff's claims. Indeed, as set forth in Defendant's interrogatory answers, Defendant maintains that Plaintiff was properly classified as exempt under the FLSA's Motor Carrier exemption because: (1) Plaintiff was employed by a motor carrier; and (2) Plaintiff's duties as a Driver entailed the performance of activities that directly affected the safety of operation of motor vehicles in transportation on public highways in interstate commerce. 29 U.S.C. § 213(b)(1). Accordingly, Defendant denies that Plaintiff was entitled to earn or receive overtime pay under the FLSA. (Doc. 14.) Defendant also denies Plaintiff's claim for liquidated damages, as Defendant at all times acted in good faith and with the reasonable belief that its actions (namely, its compensation of Plaintiff) were not in violation of the FLSA. (*Id.*)

After engaging in court-ordered discovery and the mutual exchange of documents and information, the Parties reached an agreement in principle to settle Plaintiff's FLSA claims on September 23, 2024. The Parties informed the Court of their settlement that same day. (Doc. 46.) Thereafter, the Parties agreed to and executed a Settlement Agreement and Release of FLSA Claims (the "Agreement"), which memorializes the terms of their settlement of Plaintiff's FLSA Claims. A true and correct copy of the executed Agreement is attached hereto as **Exhibit A**.

The Agreement provides that Defendant will pay Plaintiff a total gross sum of

$9,950, consisting of the following payments:

- $1,975, for alleged unpaid overtime wages;
- $1,975, for alleged liquidated damages; and
- $6,000, made payable to Wenzel Fenton Cabassa, P.A., for alleged attorneys' fees and costs, including approximately $500 for the filing fee.

*See* **Ex. A**, at ¶ 2(a). With respect to the latter payment, the Agreement affirms that "the payment of attorneys' fees and costs in Paragraph 2(a)(3) was negotiated separately and independently and without regard, impact, or effect to/on the amounts payable to Employee." *Id.* at ¶ 6(d).

As described more fully below, the Parties agree this is a fair and reasonable settlement of a bona fide dispute. Accordingly, the Parties respectfully request that the Court approve this settlement and dismiss this case with prejudice.

## MEMORANDUM OF LAW

### A. Legal Principles

This action arises under the FLSA. In *Lynn's Foods Stores, Inc. v. U.S. Department of Labor*, the Court held, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." 679 F.2d 1352 (11th Cir. 1982). "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." *Id.* at 1353. Alternatively, under section 216(b), when an employee brings "a private

action for back wages . . . and present[s] to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1352.

Before approving an FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1355. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits;
(5) the range of possible recovery; and
(6) the opinions of the counsel.

*Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, 2007 U.S. Dist. LEXIS 10287, at *3–4 (M.D. Fla. Jan. 8, 2007); *see also Hill v. Florida Industrial Elec., Inc.*, 2007 U.S. Dist. LEXIS 9498, at *7–8 (M.D. Fla. Feb. 9, 2007); *Pacheco v. JHM Enters., Inc., et al.*, 2006 U.S. Dist. LEXIS 22066, at *4–5 (M.D. Fla. Apr. 12, 2006). In considering these factors, the Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d

1483, 1486 (11th Cir. 1994) (noting that the Eleventh Circuit "favor[s] and encourage[s] settlements in order to conserve judicial resources."). As detailed below, examination of each of these factors shows that the terms of the Agreement are fair and reasonable, and should be approved by the Court.

**B.      The Relevant Factors Support Final Approval of this Settlement.**

**1.  There is no fraud or collusion behind this settlement.**

Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to plaintiffs seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, 2006 U.S. Dist. LEXIS 92994, at *10–12 (M.D. Fla. Dec. 21, 2006). Here, each party is independently represented by counsel. Plaintiff is represented by Amanda E. Heystek, Esq. of Wenzel Fenton Cabassa, P.A. Defendant is represented by Christopher Cavaliere, Esq. and Chase H. Hale, Esq. of Jackson Lewis P.C. All counsel involved have experience litigating FLSA claims. Each counsel was obligated to, and did, vigorously represent their clients' rights.

Additionally, the Parties reached their settlement after conducting court-ordered discovery, exchanging documents and information regarding Plaintiff's alleged hours and compensation, and engaging in arm's length negotiations. As discussed further below, the amounts to be paid to Plaintiff and his counsel are reasonable and fair in light of the Parties' dispute over the merits of Plaintiff's claims, and the expense and uncertainty of continuing to litigate this action.

5

### 2. The complexity, expense, and duration of future litigation support the reasonableness of this settlement.

The Parties continue to dispute the merits of Plaintiff's claims. Plaintiff alleges that he regularly worked at least fifty-four (54) hours per week, but was never paid overtime. Plaintiff further alleges that he was not reasonably expected to drive on interstates and was therefore not exempt under the FLSA's Motor Carrier exemption.

Defendant adamantly disputes Plaintiff's claims. Indeed, Defendant maintains that Plaintiff was properly classified as exempt under the Motor Carrier exemption of the FLSA because: (1) Plaintiff was employed by a motor carrier; and (2) Plaintiff's duties as a Driver entailed the performance of activities that directly affected the safety of operation of motor vehicles in transportation on public highways in interstate commerce. 29 U.S.C. § 213(b)(1). Accordingly, Defendant denies that Plaintiff was entitled to earn or receive overtime pay under the FLSA. Additionally, Defendant also denies that Plaintiff is entitled to recover liquidated damages. Moreover, the Parties dispute the amount of hours Plaintiff claims to have worked in excess of forty (40) hours in a given workweek, as well as the amount of alleged overtime wages Plaintiff claims to be owed.

Should this matter proceed, the Parties will bear substantial expenses litigating these disputed issues. Notably, the Parties reached this settlement before depositions were taken, thereby saving both Parties the costs associated with depositions.

6

Additionally, to date, the Parties have exchanged limited written discovery beyond the Court-ordered exchange of information in its FLSA Scheduling Order.[1] Thus, continued litigation will entail significant expenses arising from depositions, additional written discovery, summary judgment briefing, and a potential trial. The costs of further litigation are far greater than the amount of the settlement and the amount of alleged damages claimed by Plaintiff. This settlement, therefore, is a fair and reasonable means for the Parties to minimize future risks and litigation costs.

### 3. There has been sufficient investigation and exchange of information to allow the Parties to make educated and informed decisions.

As to the third factor, this case is currently in the final stages of discovery. Plaintiff's discovery responses were set to be due by September 27, 2024. Additionally, at the time the Parties reached this settlement, they were in the process of scheduling the depositions of Plaintiff and Defendant's corporate representative. Moreover, pursuant to the Court's FLSA Scheduling Order (Doc. 18), the Parties have exchanged documents regarding Plaintiff's alleged hours and compensation. Plaintiff also provided an estimate of his overtime damages in response to the Court's Interrogatories. (Doc. 20). In agreeing to this settlement, the Parties have exchanged sufficient information to allow them to make an educated and informed

---

[1] While Defendant has served its responses to Plaintiff's discovery requests, the Parties reached this settlement before the September 27, 2024 deadline for Plaintiff's discovery responses. Both parties exchanged the documents required by the Court's FLSA Scheduling Order.

analysis and conclusion.

### 4. Plaintiff's probability of success on the merits is uncertain.

Plaintiff's probability of success on the merits is also uncertain, further suggesting that this settlement is fair and appropriate. As explained above, there are several disputed issues. For example, the Parties dispute: (1) whether Plaintiff in fact worked the amount of overtime alleged; (2) how many hours Plaintiff worked over forty (40) hours in each workweek; (3) whether Plaintiff was an exempt employee such that he was not entitled to overtime pay; and (4) whether Defendant's actions were non-willful and taken in good faith such that Plaintiff is not entitled to liquidated damages.

### 5. Plaintiff's range of possible recovery is uncertain.

Even if Plaintiff prevails on the merits of his claims, his range of possible recovery is uncertain. As discussed above, the Parties disagree over many issues, including Plaintiff's exempt status and the amount of unpaid overtime and/or liquidated damages which Plaintiff is entitled to recover, if any. Consequently, the range of Plaintiff's possible recovery is wide and Plaintiff risks recovering nothing should Defendant prevail on its affirmative defenses. As such, the uncertainty of the amounts, if any, Plaintiff would recover if he were to continue litigating this case further weighs in favor of a finding that the settlement is fair and reasonable.

**6. The Parties weighed the opinions of their counsel in deciding whether to settle.**

Finally, the Parties were represented by counsel who have experience litigating FLSA claims. The Parties weighed the opinions of their counsel in deciding whether to settle. Accordingly, the Court should find that the settlement is a fair and reasonable resolution of a bona fide dispute.

**C.    The Attorneys' Fees to be Paid as Part of the Settlement are Fair and Reasonable.**

In agreeing to settle Plaintiff's attorneys' fees and costs for $6,000, inclusive of the filing fee, the Parties negotiated Plaintiff's attorneys' fees separately and without regard to the amount paid to Plaintiff for his FLSA claims. *See* **Ex. A**, at ¶ 6(d) (affirming that "the payment of attorneys' fees and costs in Paragraph 2(a)(3) was negotiated separately and independently and without regard, impact, or effect to/on the amounts payable to Employee."). As this Court explained in *Bonetti v. Embarq Mgmt. Co.*, where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009); *see also Hernandez v. Angels for Kids on Call 24/7, Inc.*, 2023 U.S. Dist. LEXIS

29354, at *6–7 (M.D. Fla. Feb. 22, 2023) (Kidd, J.) (declining to examine reasonableness of attorney's fee payment in FLSA settlement where "[t]he parties represent[ed] that this amount was negotiated separately from the amount received by Plaintiff, and the settlement [wa]s otherwise reasonable on its face").

The Parties agree this is a fair and reasonable settlement of a bona fide dispute. The Court should therefore find that the agreed upon attorneys' fees and costs are fair and reasonable.

## CONCLUSION

As demonstrated above, the settlement terms are fair, reasonable and adequate. Accordingly, the Parties respectfully request that the Court (i) grant this Motion; (ii) approve the settlement outlined in this Motion and the attached Settlement Agreement; and (iii) dismiss this case with prejudice.

DATED this 28th of October, 2024.

Respectfully submitted by:

| WENZEL FENTON CABASSA, P.A. | JACKSON LEWIS P.C. |
|---|---|
| */s/ Amanda E. Heystek* <br> Amanda E. Heystek, Esq. <br> Florida Bar No. 0285020 <br> aheystek@wfclaw.com <br> 1110 N. Florida Avenue, Suite 300 <br> Tampa, Florida 33602 <br> Telephone: 813-224-0431 <br> Facsimile: 813-229-8712 <br> Attorney for Plaintiff | */s/ Christopher Cavaliere* <br> Christopher Cavaliere, Esq. <br> Florida Bar No. 85776 <br> christopher.cavaliere@jacksonlewis.com <br> Chase H. Hale, Esq. <br> Florida Bar No. 1026400 <br> chase.hale@jacksonlewis.com <br> 100 S. Ashley Drive, Suite 2200 <br> Tampa, Florida 33602 <br> Telephone: (813) 512-3210 |

                                                   Facsimile:   (813) 512-3211
                                                   Attorneys for Defendant

4876-4431-2041, v. 3