## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**KEVIN FULLER,**

      **Plaintiff,**

**v.**                                                    **Case No: 6:23-cv-1168-WWB-EJK**

**ACADEMY BUS LLC,**

      **Defendant.**

## ORDER

This cause comes before the Court on the Joint Motion for Approval of FLSA Settlement and Dismissal of Action with Prejudice (Doc. 47), filed October 28, 2024. Upon consideration, the undersigned finds that the FLSA Settlement Agreement reached by the parties is a fair and reasonable resolution of a *bona fide* dispute over Plaintiff's FLSA claims, for the reasons described below.

### I.  BACKGROUND

Plaintiff initiated the instant action against Academy Bus LLC, alleging claims for unpaid overtime wages under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–219. (Doc. 1.) In the Complaint, Plaintiff alleges that Plaintiff was employed by Defendant as a bus driver from October 2022 through the date the Complaint was filed. (*Id*. ¶ 19.) During this period, Plaintiff routinely worked in excess of forty hours for $20.00 per hour, but was not paid an overtime rate for additional hours worked. (*Id*. ¶¶ 22–23; Doc. 20 at 2.)

The parties filed a Joint Notice of Settlement with the Court. (Doc. 46.) On October 28, 2024, the parties filed a Joint Motion for Approval of FLSA Settlement and Dismissal of Action with Prejudice. (Doc. 47.) The Court then directed the parties to confirm that they had not entered into any separate agreement that had not been disclosed to the Court. (Doc. 49.) The parties filed the Joint Response stating that there were no other agreements (Doc. 50), and they filed the Settlement Agreement (Doc. 48-1) on the public docket. The parties subsequently consented to the undersigned's jurisdiction to consider the Joint Motion (Doc. 52), and the presiding District Judge approved the consent. (Doc. 53.) Accordingly, the undersigned is authorized to conduct a fairness analysis to determine whether the Settlement Agreement is a fair and reasonable resolution of a bona fide dispute.

## II.    STANDARD

Congress enacted the FLSA to protect employees from "inequalities in bargaining power between employers and employees." *See Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982). To further this congressional purpose, the U.S. Court of Appeals for the Eleventh Circuit has placed "limits on the ability of private parties to settle FLSA lawsuits." *See Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013); *Lynn's Food*, 679 F.2d at 1352 (holding that an employee's rights under the FLSA "cannot be abridged by contract or otherwise waived").

In actions brought directly by current and former employees against their employers for unpaid wages under the FLSA, district courts must scrutinize any

settlement "for fairness" before dismissing an action. *See Nall*, 723 F.3d at 1306–07; *see also Wolff v. Royal Am. Mgmt., Inc.*, 545 F. App'x 791, 793 (11th Cir. 2013). Specifically, the Court must determine that any settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food*, 679 F.2d at 1355. District courts are afforded discretion in deciding whether to approve an FLSA settlement agreement. *See Rodrigues v. CNP of Sanctuary, LLC*, 523 F. App'x 628, 629 (11th Cir. 2013). If the district court finds that the settlement reflects a fair and reasonable compromise of the issues in dispute, it may approve the settlement "in order to promote the policy of encouraging settlement in litigation." *Lynn's Food*, 679 F.2d at 1354.

## III.   DISCUSSION

### A. Settlement Amount

Under 29 U.S.C. § 216(b), an employee damaged by a violation of the FLSA is entitled to unpaid minimum wages and unpaid overtime compensation, plus an additional, equal amount, as liquidated damages. 29 U.S.C. § 216(b) ("Any employer who violates the provisions of [the FLSA] shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages.")

According to the Settlement Agreement (Doc. 48-1 ¶ 2), Defendant has agreed to pay Plaintiff $1,975 in wage compensation and $1,975 in liquated damages. In his answers to the Court's interrogatories, Plaintiff alleged that he was entitled to $7,200.00 in wages. (Doc. 20 at 1–2.) Because Plaintiff will receive less than the amount to which he claimed entitlement under the FLSA, the parties have

compromised their claims within the meaning of *Lynn's Food,* 679 F.2d at 1354–55.

On review, I find the sum that Plaintiff has agreed to accept in satisfaction of Plaintiff's

claims to be fair and reasonable in comparison to Plaintiff's original claims,

considering that all parties are represented by counsel and wish to avoid the risk and

expense of further litigation. Thus, I find that the settlement sum represents a fair

resolution of a bona fide dispute between the parties and that Plaintiff has not unfairly

compromised Plaintiff's claims.

### B.  Attorney Fees

Plaintiff's attorney will receive a total of $6,000.00 for fees and costs associated

with representing Plaintiff in this matter. (Doc. 48-1 ¶ 2.) Pursuant to 29 U.S.C. §

216(b), "[t]he court [in an FLSA action] shall . . . allow a reasonable attorney's fee to

be paid by the defendant, and costs of the action." Because the parties have represented

to the Court that this amount was negotiated separately from the amount received by

Plaintiff (Doc. 47 at 9), and the settlement is otherwise reasonable on its face, further

review is not required. *See* 29 U.S.C. § 216(b); *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp.

2d 1222, 1228 (M.D. Fla. 2009) (stating that if the parties "represent[] that the

plaintiff's attorneys' fee was agreed upon separately and without regard to the amount

paid to the plaintiff, . . . the Court will approve the settlement without separately

considering the reasonableness of the fee to be paid to plaintiff's counsel.").

### C. Release

The parties have agreed to the following release:

> **Release of FLSA Claims.** Employee and Employee's heirs, executors, administrators, successors, and assigns knowingly and voluntarily release and forever discharge Releasees, of and from any and all claims, known and unknown, asserted and unasserted, which Employee has or may have against Releasees regarding any alleged unpaid overtime and/or minimum wage violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, arising out of his employment with Employer, as of the date of execution of this Agreement. This Release of FLSA Claims does not include the release or waiver by Employee of any claims other than FLSA claims.

(Doc. 48-1 ¶ 5.) General releases in FLSA cases are frequently viewed as "a 'side deal' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, such releases "confer[] an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351–52 (M.D. Fla. 2010) (footnote omitted). As such, "[a] compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny." *Id.* at 1352.

Judges in this District have found releases similar to the one presented here to pass judicial scrutiny because they do not require Plaintiff to release unknown claims that are unrelated to his FLSA claims. *Grissam v. Ranraj Singh Dhanju I, Inc.*, No. 6:16-cv-1368-Orl-41KRS, 2016 WL 7210946, at *1 (M.D. Fla. Dec. 13, 2016) (approving release where it is "limited to wage claims."); *Batchelor v. Gen. Mar. Corp.*, No. 6:15-cv-2082-Orl-41KRS, 2016 WL 4467136, at *1 (M.D. Fla. Aug. 24, 2016) (same); *Pond v.*

*Red Lambda, Inc.*, No. 6:19-cv-1975-Orl-37EJK, 2020 WL 4808744, at \*4 (M.D. Fla. Aug. 3, 2020), *report and recommendation adopted*, No. 6:19-cv-1975-Orl-37EJK, 2020 WL 4785449 (M.D. Fla. Aug. 18, 2020); *Monahan v. Rehoboth Hosp., Inc.*, 6:15-cv-1159-Orl-40KRS, 2015 WL 9258244, at \*2 (M.D. Fla. Dec. 18, 2015) ("The undersigned sides with those decisions holding that a release in an FLSA settlement is generally reasonable so long as it is narrowly-tailored to the wage claims asserted in the complaint."). Therefore, because the Release provision releases only Plaintiff's FLSA claims against Defendant and does not seek to release other non-FLSA related claims against unnamed parties, the Court finds that this Release passes judicial scrutiny. *See Moreno*, 729 F. Supp. 2d at 1351–52.

### D. Amendment Provision

The Agreement contains a provision that grants the parties leave to amend the Agreement (the "Amendment Provision"). It provides that "[t]his Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement." (Doc. 48-1 ¶ 9.) But approval of a settlement agreement with such a provision leaves "the parties free to circumvent *Lynn's Food* review through post hoc modifications of an already-approved agreement." *Dumas v. 1 ABLE REALTY, LLC*, No. 6:17-cv-765-Orl-37KRS, 2018 WL 5020134, at \*3 (M.D. Fla. Mar. 9, 2018). As such, I cannot approve an agreement that is not in its "final form, with no opportunity for amendment." *Id.*

However, the Agreement contains a severability provision that provides, in relevant part:

> Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

(Doc. 48-1 ¶ 7) (the "Severability Provision"). Courts in this District routinely approve settlement agreements while striking unfair or unenforceable provisions of the agreement when the agreement contains a severability provision. *See, e.g.*, *Encarnacion v. Dannix Painting LLC*, No. 6:18-cv-682-Orl-41KRS, 2018 WL 5084749, at *3 (M.D. Fla. Aug. 13, 2018)*, report and recommendation adopted*, 2018 WL 5840509 (M.D. Fla. Nov. 8, 2018) (recommending that provisions be stricken when the settlement agreement contained a severability provision). Because the Severability Provision permits striking the Amendment Provision, the Court severs the Amendments Provision (Doc. 48-1 ¶ 9) from the Agreement.

Therefore, in light of the foregoing, the Court concludes that the parties' Settlement Agreement (Doc. 48-1), as revised, is a fair and reasonable resolution of a bona fide dispute under the FLSA.

## IV.   CONCLUSION

It is therefore **ORDERED** as follows:

1. The parties' Joint Motion for Approval of FLSA Settlement and Dismissal of Action with Prejudice (Doc. 47) is **GRANTED**;

2.  The Amendment Provision (Doc. 48-1 ¶ 9) is **SEVERED**;

3.  The Complaint (Doc. 1) is **DISMISSED WITH PREJUDICE**; and

4.  The Clerk of Court is **DIRECTED** to close this file.

   **DONE** and **ORDERED** in Orlando, Florida on December 13, 2024.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE